## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><div align="right">Plaintiff,</div><br>v.<br><br>DTL MECHANICAL, LLC, SCOTT EVANS, and MARIA EVANS,<br><div align="right">Defendants.</div> | CIVIL ACTION<br><br>No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, State Farm Fire and Casualty Company, by and through its undersigned counsel, Carroll, McNulty & Kull, LLC, as and for its complaint for declaratory judgment states as follows:

### JURISDICTION AND VENUE

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in the Eastern District of Pennsylvania.

### THE PARTIES

4.      Plaintiff in this action is State Farm Fire and Casualty Company ("State Farm"), which is a wholly-owned subsidiary of State Farm Mutual Automobile Insurance Company, an Illinois mutual insurance company, having its principal place of business at One State Farm

Plaza, Bloomington, Illinois, 61710-0001.   State Farm is licensed to, and did in fact, issue insurance policies in the Commonwealth of Pennsylvania.

5.     Upon information and belief, Defendant, DTL Mechanical, LLC ("DTL") is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 129 Beechtree Drive, Broomall, Pennsylvania, 19008.

6.     Upon information and belief, Defendant Scott Evans is an adult individual, and resides at 206 Gleaves Road, Springfield, Pennsylvania, 19064.

7.     Upon information and belief, Defendant Maria Evans is an adult individual, and resides at 206 Gleaves Road, Springfield, Pennsylvania, 19064.

8.     Upon information and belief Scott Evans and Maria Evans (collectively "Evans") are husband and wife.

## NATURE OF THE ACTION

9.     This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.   In this action, State Farm seeks a determination of its rights and obligations under contractors liability insurance issued by State Farm to DTL.

10.     State Farm issued a Businessowners Policy providing business liability coverage to DTL with policy no. 98-CF-Q678-1 and effective dates September 1, 2014 through September 1, 2015 ("Policy" or "State Farm Policy").   A true and correct copy of the standard form Businessowners Policy with relevant endorsements is attached hereto as Exhibit A.

11.     The State Farm Policy is subject to certain terms, conditions, limitations, exclusions and/or endorsements as set forth in the policy.

12.     DTL was named as an additional defendant in an action captioned *Evans v. Bianco Contractors, Inc., et al. v. DTL Mechanic, LLC*, No. 2015-004867, in the Pennsylvania Court of Common Pleas for Delaware County ("Underlying Action").  A true and correct copy of the original Complaint filed by underlying plaintiffs Scott and Maria Evans is attached hereto as Exhibit B.  A true and correct copy of the Joinder Complaint filed against DTL is attached hereto as Exhibit C.

13.     The Underlying Action alleges that DTL improperly performed HVAC work at a home owned by Evans.

14.     DTL sought defense and indemnity from State Farm for the Underlying Action.

15.     State Farm denied coverage for the Underlying Action under the State Farm Policy, and notified DTL that it disclaimed coverage under certain terms, conditions, limitations, exclusions and/or endorsements of the State Farm Policy.

16.     DTL retained counsel that defended the Underlying Action on behalf of DTL.

17.     Counsel for DTL has recently indicated to State Farm that DTL has assigned all rights in the State Farm Policy to Evans.

18.     No documents reflecting the terms of this assignment have been transmitted to State Farm to date. However, by correspondence dated February 8, 2017, counsel for DTL advised State Farm of the purported assignment.  A true and correct copy of the February 8, 2017 correspondence is attached hereto as Exhibit D.

19.     State Farm seeks a determination that it had no obligation to defend DTL for the Underlying Action based on certain provisions of and exclusions in the State Farm Policy.

20.     Further, State Farm seeks a determination that, as a result of having no duty to defend DTL, State Farm has no duty to indemnify DTL in connection with the Underlying Action.

21.     To the extent that DTL has assigned its rights to the State Farm Policy to Evans, State Farm similarly has no duty to indemnify Evans in connection with the Underlying Action.

## STATEMENT OF FACTS

22.     The Policy provides as follows with respect to Comprehensive Business Liability:

**Coverage L – Business Liability**

1.     When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability,** we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. …

2.     This insurance applies:

a.     To "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

Exhibit A.

23.     Occurrence is defined under the Policy, in pertinent part, as follows:

**SECTION II – DEFINITIONS**

17.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A.

24. Property damage is defined under the Policy as follows:

**SECTION II – DEFINITIONS**

**21.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured or destroyed provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Exhibit A.

25. The Policy contains the following exclusion with regard to "your product:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**13. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

Exhibit A.

26. The Policy contains the following definition of "your product:"

**SECTION II – DEFINITIONS**

**26.** "Your product"

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      **(a)**    You;

      **(b)**    Others trading under your name; or

      **(c)**    A person or organization whose business or assets you have acquired; and

    **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  **b.**    Includes:

    **(1)**    Warranties or representation made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

  **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

Exhibit A.

27.    The Policy contains the following exclusion with regard to "your work:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**14.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

Exhibit A.

28.     The Policy contains the following definition of "your work:"

**SECTION II – DEFINITIONS**

**27.**     "Your work":

**a.**     Means:

**(1)**     Work or operations performed by you or on your behalf; and

**(2)**     Materials, parts or equipment furnished in connection with such work or operations.

**b.**     Includes:

**(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)**     The providing of or failure to provide warnings or instructions.

Exhibit A.

29.     The Policy also contains the following definition:

**SECTION II – DEFINITIONS**

**20.**     "Products-completed operations hazard"

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

    **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)**    When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

    **b.**    Does not include "bodily injury" or "property damage" arising out of:

    **(1)**    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

    **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials.

Exhibit A.

30.    The Policy contains the following exclusion with regard to damages related to products:

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**16.     Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**a.**      "Your product";

**b.**      "Your work"; or

**c.**      "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exhibit A.

31.     The Policy contains the following exclusion with regard to "impaired property:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**15.     Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**a.**      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**b.**      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

Exhibit A.

32. "Impaired property" is defined in the Policy as follows:

**SECTION II – DEFINITIONS**

**9.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

Exhibit A.

33. The Underlying Action was originally filed by underlying plaintiffs Evans against Bianco Contractors, Inc. ("Bianco") and Jeffrey Biancaniello ("Biancaniello"). *See* Exhibit B.

34. The underlying Complaint alleges that Bianco and Biancaniello were in the business of residential home improvement contracting. Exhibit B, ¶ 4.

35. The Complaint alleges that Bianco and Biancaniello began construction of an addition on the Evans' home in or about mid-summer of 2014. Exhibit B, ¶ 5.

36. The Complaint alleges that although Biancaniello declared the project to be complete on or about December 9, 2014, work was not finalized because: the HVAC system installed in the home was defective; interior walls and ceilings in the addition had been improperly finished; and a number of township building code violations existed. Exhibit B, ¶ 6.

37. The Complaint alleges these issues were reported to Biancaniello who refused to address the issues. Exhibit B, ¶¶ 7-8.

38.     The Complaint further alleges that the ongoing issues "require repair, refinishing, reconstruction and replacement of major portions and components" of the home, along with remediation of building code violations.  Exhibit B, ¶ 9.

39.     Evans alleges that the total sum for the subject project paid by Evans to Bianco and Biancaniello is $157,000.  Exhibit B, ¶ 10.

40.     The Complaint alleges several causes of action against Biancaniello individually, including piercing the corporate veil and fraud and misrepresentation.  *See* Exhibit B.

41.     The Complaint also alleges several causes of action against both Bianco and Biancaniello, including negligence, breach of warranty, and breach of implied warranty.  *See* Exhibit B.

42.     After initiation of the Underlying Action, Bianco and Biancaniello (collectively "Underlying Defendants") filed a joinder complaint against DTL.  *See* Exhibit C.

43.     The Joinder Complaint incorporates by reference all allegations of the Complaint. Exhibit C, ¶ 1.

44.     The Joinder Complaint alleges that DTL "was a subcontractor of [Underlying Defendants] and was responsible for the installation of the HVAC system."  Exhibit C, ¶ 7.

45.     The Joinder Complaint contains a cause of action for negligence against DTL, alleging that any damages sustained by Evans were caused in whole or part by DTL's "negligent performance of the work."  Exhibit C, ¶ 12.

46.     Specifically, the Joinder Complaint alleges that DTL failed to comply with industry standards and applicable building codes, failed to perform its work in a reasonable and workmanlike manner, and failed to install a proper and adequately designed HVAC system. Exhibit C, ¶ 13.

47.     The Joinder Complaint also alleges that DTL owes Underlying Defendants common law contribution and/or indemnification to the extent that it is determined Underlying Defendants are liable to Evans for any breach of warranty, negligence or violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  *See* Exhibit C, ¶¶ 16-18.

## REQUEST FOR DECLARATORY RELIEF

### Count I
### (No Occurrence)

48.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 47 inclusive, as if the same were fully set forth at length.

49.     The Policy provides as follows with respect to Comprehensive Business Liability:

**Coverage L – Business Liability**

1.      When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability,** we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. …

2.      This insurance applies:

    a.      To "bodily injury" and "property damage" only if:

        (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

Exhibit A.

50.     Occurrence is defined under the Policy, in pertinent part, as follows:

**SECTION II – DEFINITIONS**

17.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A.

51.     Property damage is defined under the Policy as follows:

**SECTION II – DEFINITIONS**

21.     "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured or destroyed provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Exhibit A.

52.     The Underlying Action alleges that Evans has suffered damages to their home due to the defective HVAC work performed on it. *See* Exhibit B, ¶¶ 6-9.

53.     The Joinder Complaint alleges that DTL was a subcontractor of Underlying Defendants' and was responsible for the allegedly defective installation of the HVAC system installed at Evans' home. *See* Exhibit C, ¶¶ 4-7.

54.     To the extent an underlying action alleges damages because of bodily injury, property damage, personal injury or advertising injury, as those terms are defined in the State Farm Policy, the State Farm Policy potentially provides coverage only if these damages were caused by an "occurrence."

55.     The State Farm Policy potentially provides coverage for damage caused by an "occurrence," which is defined in relevant part as an "accident." *See* Exhibit A.

56.     Damages to the Evans' home alleged in the Underlying Action were allegedly caused, in part, by the defective workmanship performed in connection with HVAC work by DTL.

57.     Under Pennsylvania law, faulty workmanship is not an accident.

58.     Further, under Pennsylvania law, failure to meet contractual obligations or to honor express and implied warranties is not an accident.

59.     Liability policies do not provide coverage for claims in an underlying action that arise out of and relate to the contract between the parties, and are not applicable to breach of contract and breach of contractual warranty claims.

60.     The Underlying Action alleges that DTL improperly performed HVAC work at Evans' home, as subcontracted for by Underlying Defendants, and such faulty work caused damage to the home.

61.     The Underlying Action does not allege an occurrence or "accident" under the State Farm Policy.

62.     As a result, the claims set forth in the Underlying Action do not fall within the Insuring Agreement of the State Farm Policy and State Farm had no duty to defend DTL for the claims asserted in the Underlying Action.

63.     Moreover, because State Farm had no duty to defend DTL for the claims asserted in the Underlying Action, State Farm has no duty to indemnify DTL for the Underlying Action.

## <u>Count II</u>
### (Your Product Exclusion)

64.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 63 inclusive, as if the same were fully set forth at length.

65.     The Policy contains the following exclusion with regard to "your product:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

13.    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

Exhibit A.

66.    The Policy contains the following definition of "your product:"

**SECTION II – DEFINITIONS**

26.    "Your product"

a.    Means:

(1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)    You;

(b)    Others trading under your name; or
(c)    A person or organization whose business or assets you have acquired; and

(2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

(1)    Warranties or representation made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2)    The providing of or failure to provide warnings or instructions.

c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

Exhibit A.

67.    The HVAC work allegedly performed by DTL falls under the definition of "your product" in the State Farm Policy.

68.     The alleged damages caused by DTL's defective work are excluded from coverage by the "your product" exclusion of the State Farm Policy.

69.     Therefore, the claims of alleged property damage caused by DTL's "product" set forth in the Underlying Action are excluded from coverage by the "your product" exclusion of the State Farm Policy and State Farm had no duty to defend DTL for the claims asserted in the Underlying Action.

70.     Moreover, because State Farm had no duty to defend DTL for the claims of alleged property damage caused by DTL's "product" asserted in the Underlying Action, State Farm has no duty to indemnify DTL for the Underlying Action.

<div align="center">

**Count III**
**(Your Work Exclusion)**

</div>

71.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 70 inclusive, as if the same were fully set forth at length.

72.     The Policy contains the following exclusion with regard to "your work:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**14.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

Exhibit A.

73.     The Policy contains the following definition of "your work:"

**SECTION II – DEFINITIONS**

**27.     "Your work":**

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

Exhibit A.

74.    The Policy also contains the following definition:

**SECTION II – DEFINITIONS**

**20.**    "Products-completed operations hazard"

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)**    When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

    **b.**    Does not include "bodily injury" or "property damage" arising out of:

    **(1)**    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

    **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials.

Exhibit A.

75.    DTL's HVAC work falls under the definition of "your work" in the State Farm Policy.

76.    The Underlying Action alleges that Evans' home has suffered property damage due to DTL's defective HVAC work.

77.    Further, the Underlying Action alleges that work on Evans' home has been completed, therefore DTL's work is included in the products-completed operations hazard. *See* Exhibit B.

78.     Under the "your work" exclusion, alleged damage to the insured's "work" is not covered after the "work" is sufficiently completed to fall within the "products-completed operations hazard."

79.     The alleged damages caused by the improper and/or defective installation of an HVAC system are excluded from coverage by the "your work" exclusion of the State Farm Policy.

80.     Therefore, the claims of alleged property damage caused by DTL's "work" set forth in the Underlying Action are excluded from coverage by the "your work" exclusion of the State Farm Policy and State Farm had no duty to defend DTL for the claims asserted in the Underlying Action.

81.     Moreover, because State Farm had no duty to defend DTL for the claims of alleged property damage caused by DTL's "work" asserted in the Underlying Action, State Farm has no duty to indemnify DTL for the Underlying Action.

## <u>Count IV</u>
### (Product Recall Exclusion)

82.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 81 inclusive, as if the same were fully set forth at length.

83.     The Policy contains the following exclusion with regard to damages related to products:

> **Section II – Exclusions**
>
> Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**16.     Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**a.**     "Your product";

**b.**     "Your work"; or

**c.**     "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exhibit A.

84.     According to the Complaint, Evans' home requires repair, refinishing, reconstruction and replacement of major portions and components, in part, due to defective HVAC work. *See* Exhibit B, ¶ 9.

85.     The above exclusion precludes coverage for damages claimed for loss, cost or expense incurred by others for the withdrawal, repair, replacement and removal of "your product" and "your work" if such product or work is withdrawn from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition.

86.     The Complaint alleges Evans will be required to repair and/or replace the HVAC system that was defectively installed by DTL.

87.     Therefore, the claims of alleged property damage caused by DTL's operations as set forth in the Underlying Action are excluded from coverage by the "product recall" exclusion of the State Farm Policy and State Farm had no duty to defend DTL for the claims asserted in the Underlying Action.

88.     Moreover, because State Farm had no duty to defend DTL for the claims of alleged property damage caused by DTL's operations as asserted in the Underlying Action, State Farm has no duty to indemnify DTL for the Underlying Action.

## Count V
### (Impaired Property Exclusion)

89.     State Farm incorporates herein by reference the allegations set forth in paragraphs 1 through 88 inclusive, as if the same were fully set forth at length.

90.     The Policy contains the following exclusion with regard to "impaired property:"

**Section II – Exclusions**

Applicable to **Coverage L – Business Liability,** this insurance does not apply to:

**15.     Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**a.**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**b.**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

Exhibit A.

91.     "Impaired property" is defined in the Policy as follows:

**SECTION II – DEFINITIONS**

**9.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

Exhibit A.

92.     The Complaint seeks damages, in part, for costs incurred to repair and/or replace the alleged defective HVAC system. *See* Exhibit B, ¶ 9.

93.     The impaired property exclusion applies where a defective product, after being incorporated into the property of another, must be replaced or removed at great expense.

94.     The portion of Evans' home that has allegedly been damaged by DTL's work constitutes impaired property because it incorporates DTL's allegedly defective "product" and/or "work."

95.     Evans' home has been damaged by defects in DTL's "product" and/or "work."

96.     Therefore, the impaired property exclusion precludes coverage under the State Farm Policy.

97.     The claims of alleged property damage caused by DTL's operations set forth in the Underlying Action are excluded from coverage by the "impaired property" exclusion of the

State Farm Policy and State Farm had no duty to defend DTL for the claims asserted in the Underlying Action.

98.     Moreover, because State Farm had no duty to defend DTL for the claims of alleged property damage caused by DTL's operations asserted in the Underlying Action, State Farm has no duty to indemnify DTL for the Underlying Action.

## **REQUEST FOR DECLARATORY RELIEF**

99.     State Farm incorporates herein by reference the allegations set forth in paragraph 1 through 98 inclusive, as if the same were fully set forth at length.

100.     An actual and justiciable controversy exists concerning the rights and obligations of the parties under the State Farm Policy at issue with respect to the Underlying Action.

101.     All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

102.     The Underlying Action seeks damages based on DTL's faulty workmanship which does not qualify for coverage under the general liability policy issued by State Farm to DTL.

103.     State Farm is entitled to a declaration that it was under no duty to defend DTL for the claims asserted in the Underlying Action.

104.     Moreover, State Farm is entitled to a declaration that it is under no duty to indemnify DTL for the Underlying Action.

WHEREFORE, Plaintiff, State Farm, demands judgment as follows:

> a.     A declaratory judgment that State Farm Fire and Casualty Company has no obligation to defend DTL Mechanical, LLC for the Underlying Action under the State Farm Policy;

b.     A declaratory judgment that State Farm Fire and Casualty Company has no obligation to indemnify DTL Mechanical, LLC for the Underlying Action under the State Farm Policy; and

c.     Such other further relief as this Court deems just and proper in this action.

Respectfully Submitted,

BY: _____

Bradley J. Mortensen (PA 54558)

BY: _____

Elizabeth A. Sutton (PA 205904)

CARROLL MCNULTY & KULL LLC
Two Liberty Place
50 South 16th Street, Suite 2600
Philadelphia, PA 19102
Phone: (267) 479-6700
Fax: (267) 479-6710

Attorneys for Plaintiff,
State Farm Fire and Casualty Company

Dated: 3/17/17